UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HECTOR VELAZQUEZ-HERNANDEZ,** | Civ. No. 2:16-04512 |
| Petitioner, | Cr. No. 2:14-00022 |
| v. | |
| **UNITED STATES OF AMERICA,** | OPINION |
| Respondent. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* petitioner Hector Velazquez Hernandez ("Petitioner") moves the Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255") and claims ineffective assistance of counsel in relation to his acceptance of a plea agreement with the United States (the "Government"). For the reasons set forth below, Petitioner's motion is **DENIED**.

### I. BACKGROUND

On January 6, 2015, Petitioner pleaded guilty to a two-count Superseding Indictment, pursuant to a plea agreement. *See* Mins. of Proceedings ("Mins."), Jan. 6, 2015, ECF No. 44.[1] The counts charged Petitioner with the possession and distribution of 500 or more grams of cocaine and with conspiracy thereto, in violation of 21 U.S.C. §§ 841 and 846. *See* J. 1, ECF No. 49. On April 23, 2015, this Court sentenced Petitioner to 76 months of imprisonment. *Id.* at 2. Petitioner's sentencing range fell within the proper range under the United States Sentencing Guidelines (the "Guidelines"). Petitioner had an initial offense level of 28, but he received a 2-level downward adjustment in return for his acceptance of responsibility. *See* Plea Agreement 6, ECF No. 45.

On July 21, 2016, Petitioner moved to reduce his sentence pursuant to § 2255. Movant's Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Pet'r's Mot.") 1, ECF No. 1. Petitioner claims that his sentence was enhanced by 48 months because of his previous second degree murder conviction, and that such enhancement is unconstitutionally void for vagueness in light of the Supreme Court's holding in *United States v. Johnson*, 135 S. Ct. 2551 (2015). *See* Pet'r's Mot. at 1, 4. Petitioner also brings a second § 2255 claim that Amendment 794 of the Guidelines is retroactive and applies to him because it is a "clarifying" amendment. Movant's Supp. Mot. Under 28 U.S.C. § 2255

---

[1] All documents from the record of Petitioner's criminal case refer to docket number 14-cr-22. Petitioner's papers, the Government's response and subsequent correspondence can be found under the civil docket number 16-cv-4512.

("Pet'r's Supp. Mot.") 3–4.  Finally, on reply, Petitioner claims that the waiver of the right to appeal in his plea agreement is invalid due to the ineffective assistance of his counsel, who advised him to accept the plea agreement instead of taking the case to trial. Pet'r's Reply Br. to Government's Resp. ("Pet'r's Reply") 1–7, ECF No. 5.

On June 23, 2016, Chief Judge Jerome B. Simandle issued a standing order staying all motions filed under § 2255 in the District of New Jersey that seek collateral relief based on the *Johnson* decision.  *See* Standing Order 3, No. 16-mc-11, ECF No. 2.  The order directed the parties of each stayed motion to move to lift the stay when they are ready to proceed.  *Id.*  On March 6, 2017, the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886, holding that the Guidelines "are not subject to a vagueness challenge under the Due Process Clause."  *See* 137 S. Ct. at 892.  Approximately six weeks thereafter, the Government filed a letter in this Court arguing that *Beckles* invalidated Petitioner's vagueness challenge to his sentence under the Guidelines.  *See* Letter, Apr. 27, 2017, ECF No. 6.  In light of Petitioner's *pro se* status and of the recent developments in controlling case law, the Court accepts the Government's letter as an acknowledgement that Petitioner's motion is ready to proceed and lifts the stay.

## II. LEGAL STANDARD

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 343 (1974)).  If the Supreme Court newly recognized and made retroactive a federal prisoner's asserted right, that prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  *See* 28 U.S.C. § 2255(a), (f).

"A criminal defendant may knowingly and voluntarily waive many of the most fundamental protections afforded by the Constitution." *United States v. Mezzanatto,* 513 U.S. 196, 201 (1995).  A defendant may also waive statutory rights, including his right to appeal.  *United States v. Fazio*, 795 F.3d 421, 425 (3d Cir. 2015).  District courts will enforce appellate waivers and decline to address the merits of an appeal when: "(1) the issues raised fall within the scope of the appellate waiver; and (2) [defendant] knowingly and voluntarily agreed to the appellate waiver; unless (3) enforcing the waiver would work a miscarriage of justice."  *See United States v. Erwin*, 765 F.3d 219, 226 (3d. Cir. 2014) (internal quotation omitted).

## III. DISCUSSION

The Court will first address Petitioner's vagueness claim under *Johnson*, before turning to the challenges of his appellate waiver.

### A. Petitioner's *Johnson* Claim

As an initial matter, Petitioner mistakenly believes that he received a sentencing enhancement under 18 U.S.C. § 924(e)(2)(B) due to his prior conviction for second-degree

murder. *See* Pet'r's Mot. at 1–3. The Government correctly notes that Petitioner's murder conviction received zero criminal history points in the calculation of his sentence under the Guidelines. *See* Letter from United States in Resp. to Pet. ("Gov't Resp.") 4, ECF No. 4. Petitioner did receive three criminal history points for his prior felony weapons conviction, which was appropriate pursuant to U.S.S.G. § 4A1.1. *Id*. Petitioner was never charged under 18 U.S.C. § 924, which was the subject of the *Johnson* decision.

The Court liberally construes Petitioner's vagueness challenge as directed to the definition of a "crime of violence" found in U.S.S.G. §§ 4A1.2 and 4B1.2, which supported his sentencing enhancement.[2] In *Beckles*, however, the Supreme Court made clear that the Guidelines are not subject to vagueness challenges because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *See* 137 S. Ct. at 892. Petitioner's vagueness challenge, therefore, must fail.

### B. Petitioner's Appellate Waiver

In addition to his *Johnson* claim, Petitioner argues that the appeal waiver in his plea agreement is invalid due to the ineffective assistance of his counsel. *See* Pet'r's Reply at 1–7. This claim must also fail. The record of Petitioner's criminal case clearly shows that he knowingly and voluntarily waived his right to appeal.

On January 6, 2015, District Court Judge Faith Hochberg held a plea colloquy with Petitioner pursuant to Federal Rule of Criminal Procedure 11, during which Petitioner clearly indicated that he wished to plead guilty to the charges against him. *See* Mins., ECF No. 44. The Court provided a Spanish interpreter, who interpreted the proceedings for Petitioner in his first language, and Petitioner was duly represented by counsel. *Id*.

The Plea Agreement unequivocally states that Petitioner waived "certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal . . . under 28 U.S.C. § 2255." *See* Plea Agreement at 3. Furthermore, contrary to Petitioner's claim, the Agreement expressly reserves Petitioner's right to claim ineffective assistance of counsel. *Id*. at 4. The waiver, therefore, is valid.

Petitioner's ineffective assistance of counsel claim rests solely on the fact that his counsel advised him to accept the Government's offer instead of taking the case to trial. *See* Pet'r's Reply at 1–7. "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 566 U.S. 133, 145 (2012). As previously stated, Petitioner received a 2-level downward adjustment in return for his guilty plea and his ineffective assistance claim, therefore, fails. Accordingly, Petitioner's valid appellate waiver bars all other claims raised in his moving papers.

---

[2] "A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance." *Torres v. United States*, No. 10-cv-4949, 2011 WL 2148308, at *2 (D.N.J. May 31, 2011).

### IV. CONCLUSION

For the reasons stated above, Petitioner's motion is **DENIED**. An appropriate order follows.

                                              */s/ William J. Martini*
                                     **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 17, 2017**